Nehrbas, J.
—Under the express covenant of the lease signed by the defendant, whereby tlie latter agreed 16 to take good care of the house and its fixtures, and suffer no waste, and at his own cost and expense to make and do all repairs required to the plumbing work and pipes, range and fixtures belonging thereto, and to keep the Croton pipes, and the connections with the Croton main, free from ice and other obstructions at his own expense, and to keep the sewer connections free from obstructions to the satisfaction of the municipal and police authorities, and not to call upon the party of the first part (plaintiff) for any disbursements or outlay during the hereby granted term. And, further, promptly to execute and fulfill all the ordinances of the city corporation applicable to said premises, and all orders and requirements imposed by the board of health and the police department in, upon, or connected with said premises during said term, or other grievances at his own expense,” the expense to which the plaintiff was put should be *320 borne by the defendant. If this covenant had been performed in its letter and spirit according to its legal effect, the repairs ordered by the board of health would not have been required, and the expense to which the plaintiff was put would not have been made necessary.
For these reasons we think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.
This result may seem hard to the defendant, bud it is only enforcing the necessary legal effect of his express covenant. We cannot make contracts for parties, nor alter them when made. We must give such effect to them as their language and legal effect require.
Ordered accordingly.