### BUHLER *v.* GIBBONS.

*(City Court of Brooklyn, General Term.* January 29, 1889.)

1. LANDLORD AND TENANT—REPAIRS—WAIVER—RENEWAL OF LEASE.

After the execution of a lease, the tenant was given permission to make certain alterations, and he promised to restore the premises 30 days before the termination of the lease. The tenant afterwards obtained a lease for an additional term, but nothing was said as to restoring the premises. *Held*, that the covenants of the first lease were not waived by the second lease, and that the tenant was liable for the cost of the restoration contemplated by the first lease.

2. SAME—AMBIGUITY IN LEASE.

A covenant to keep the demised premises in the condition required by the health department is not ambiguous.

Appeal from trial term.

Action by George Buhler against Michael J. Gibbons on the covenants of a lease. There was a judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*John Maguire,* for appellant. *George M. Baker,* for respondent.

CLEMENT, C. J. On or about March 20, 1880, the plaintiff in this action leased to the defendant certain premises in New York city for the term of five years from May 1, 1880, and thereafter, on said May 1, 1880, a permission in writing was given the defendant to make alterations on the second floor of the building; and he agreed, if the alterations were made, to restore the premises to the condition they were in at the time of the letting, 30 days before the expiration of the lease. Subsequently, in January, 1885, the defendant obtained from the plaintiff a lease for a further term of one year from May 1, 1885, which instrument contained a covenant by the defendant that he would make all repairs and keep the premises in the condition required by the health department of New York city. Each lease contained a provision that, at the expiration of the term, the tenant would surrender the premises in as good a condition as they were in at the commencement of the term. According to the findings of fact in the case, the tenant, while in possession under the first lease, removed certain partitions on the second floor, but did not restore them at the end of the second lease, and the plaintiff replaced them at an expense of $140.74. The referee also finds that the defendant did not surrender the premises at the end of the second lease in as good a condition as the same were on May 1, 1880, and that plaintiff was thereby damaged in the sum of $124.28. It is also found that during the second term the plaintiff was compelled to make repairs to meet the requirements of the board of health, and paid out for that purpose $142.90. For the three items above set forth, and the sum of $20 additional, as to which no point is made by the appellant, the referee rendered judgment in favor of the plaintiff, and from such judgment the defendant took this appeal.

It is claimed by the counsel for the appellant that the items sued for on the first lease should have been disallowed, for the reason that the acceptance of the second lease should be deemed a surrender of the prior one, and operated as a waiver of the breach of covenant. This claim is adversely decided in the case of *McGregor* v. *Board*, 107 N. Y. 511, 14 N. E. Rep. 420. Judge FINCH says, (107 N. Y. 517, 14 N. E. Rep. 423:) "We are of opinion that the question of breach in the condition of the premises should relate to the final and actual surrender, and not be controlled by the legal and technical surrenders occurring along the line." The question as to the repairs made by the landlord during the second lease to meet the requirements of the board of health

was one of fact, and was decided on conflicting testimony in favor of plaintiff. Whether the work called for by the board of health was in the nature of repairs, and to be paid for by the tenant, or whether the work was in the nature of alterations, and to be paid for by the landlord, were also questions of fact, and the decision of the referee thereon is conclusive. We do not think that the phrase in the lease, "requirements of the health department," is ambiguous on the facts of this case. The tenant was to make repairs, and to keep the premises in such condition as would fully conform to the requirements of the health department. He was duly notified, and failed to make the necessary repairs, and the landlord was compelled to do the same in order to avoid prose-·cution for the penalty. The counsel for the appellant has filed no exceptions to the report of the referee, but we have considered the case as if the proper· exceptions had been taken, and find no error. Judgment affirmed, with costs.. All concur.