HERRICK, J. I concur. See Bank v. O'Rorke, 6 Hun, 19; Becker v. Weisner, 22 Alb. Law J. 156.

PUTNAM, J., concurs.

---

### SHELDON v. HEATON.

#### (Supreme Court, General Term, Third Department. May 26, 1894.)

Appeal from special term, Clinton county.
Action by John J. Sheldon against Rufus Heaton. From an order striking out of defendant's answer the denial, defendant appeals. Reversed.
Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

J. B. Stearns (G. H. Beckwith, of counsel), for appellant.
Wilmer H. Dunn, for respondent.

MAYHAM, P. J. The same question raised in this appeal was raised and disposed of in an appeal between the same parties, standing No. 13 on this calendar. 29 N. Y. Supp. 275. No opinion is required on this appeal. The order of the special term is reversed, with $10 costs and printing disbursements, and $10 costs of special term, to the defendant. All concur.

---

(9 Misc. Rep. 48.)

### SEYMOUR et al. v. PICUS et al.

#### (Common Pleas of New York City and County, General Term. June 4, 1894.)

LIABILITIES OF LESSEE—REPAIRS ORDERED BY BOARD OF HEALTH.
Where a lease covenants that the lessee shall comply with all orders of the board of health, and the board of health orders the lessor to make certain repairs, and the lessor notifies the lessee thereof, and requests him to make the repairs, which he fails to do, the lessor may make the repairs, and recover the cost thereof from the lessee.

Appeal from first district court.
Action by Stephania S. Seymour and another against Louis Picus and another. From a judgment in favor of defendants, plaintiffs appeal. Reversed.
Argued before BOOKSTAVER and BISCHOFF, JJ.

Abraham I. Elkus, for appellants.
John Callahan, for respondents.

BOOKSTAVER, J.    This action was brought by the plaintiffs to recover the sum of $154.71 from the defendants, being the amount paid by them for concreting the cellar floor of premises No. 504 Canal street in compliance with the order of the board of health of the city of New York.    On retrial it appeared that the defendants had leased the premises of the plaintiffs, who were the owners, for a term of five years, which lease contained the following covenant:

"And the said parties of the second part further agree to make all repairs of any and every kind and nature to the premises hereby demised, except to the roof and leaders and gutters of the same, at their own cost and expense; and at like cost comply with and execute all demands, orders, and requests of the city board of health, and all other lawful authorities, during said term; anything herein contained to the contrary in any wise notwithstanding."

On May 27, 1893, plaintiffs' agent received a notice from the health department of the city of New York requiring them to remove all water from the cellar of the premises in question, and have the same made water-tight.    On the 9th of June following, a further order was received from the board of health requiring all water to be removed from the cellar, and that the same should be cleaned, disinfected, and made water-tight.    It is clear from the return that both of these orders were delivered personally to the defendants, and they were notified of the fact of the same having been made.    This was followed up by a letter written by plaintiffs' agent, and delivered to them, which is as follows:

"June 19th, 1893.

"Mr. L. Picus and Mrs. B. Picus—Dear Sir and Madam:    I am in receipt of board of health order to make cellar of 504 Canal street water-tight.    I am getting my carpenter to figure on new heavy floor in cellar.    You had better also get a figure, as by the terms of your lease you must comply with all city ordinances, or pay the cost of same.

"Yours, Resp'y,                    Henry J. Scheuber."

Mr. Scheuber, for the benefit of the defendants, endeavored to get the board of health to change the order so that a wooden floor might be put in instead of the concrete one, but this was refused, and on the 29th June Mr. Scheuber wrote again to the defendants as follows:

"June 29th, 1893.

"Mr. Louis Picus and Mrs. Bertha Picus, 504 Canal Street—Dear Sir and Madam:    Ten days ago I notified you to get estimate for new heavy flooring in cellar, to comply with board of health requirements, but I have not heard from you in reply.    The health department refuse to give any longer time, and unless you set a man to work at once I will give order to my mechanics to comply with order, and hold you for cost of same, in compliance with the terms of your lease.    I propose raising the level of the cellar four to six inches, and laying heavy flooring, as the most economical way of complying with health order.    I am having the rear leader and sewer repaired at owner's expense.        Yours, very truly,                    Henry J. Scheuber."

Thereafter he saw the defendants personally, and endeavored to get them to do the work themselves; but they utterly neglected and failed to do anything about it, whereupon he had the work done at a

cost of $154.71, which was frequently demanded of the defendants, but they refused to pay the same. Under the covenant in the lease before referred to the defendants were bound to comply with the order or orders of the health department of the city of New York, and, if they failed to do so, upon notice being given to them by the plaintiffs or their agent, the plaintiffs could have the same complied with, and recover from the defendants the amount thus expended. Hull v. Burns, 17 Abb. N. C. 317; Buhler v. Gibbons (City Ct. Brook.) 3 N. Y. Supp. 815; Scott v. Brick Co., 135 N. Y. 141, 31 N. E. 1102; Ernst v. Crosby, 140 N. Y. 364, 35 N. E. 603. The plaintiffs could not disobey the order without subjecting themselves to having the same done by the board of health, which would have increased the expense to them, and ultimately to the defendants. Barnum v. Fitzpatrick (Com. Pl. N. Y.) 16 N. Y. Supp. 934.

The defendants did not dispute the reasonableness of the bill for the work done, nor did they, on the trial, claim that more was done than was necessary to comply with the order of the board of health, and it is now too late to raise that contention. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants.