S. A. BERNI v. CLARA BOYER and Another.[1]

November 13, 1903.

Nos. 13,708—(138).

**Lease for Illegal Purpose.**

> A lease of premises for a term of years was entered into with a view that the occupancy thereof should be for an unlawful purpose, viz., conducting a house of ill fame. *Held,* that the lease was wholly void, and conferred no right upon defendants to continue in the possession of the premises for such purposes as tenants from month to month or otherwise.

Appeal by defendants from a judgment of the municipal court of Minneapolis, Holt, J. Affirmed.

*Henry S. Mead* and *James Robertson,* for appellants.
*M. C. Brady,* for respondent.

[1] Reported in 97 N. W. 121.

BROWN, J.

Proceedings in forcible entry and detainer brought in the municipal court of Minneapolis, where plaintiff had judgment, from which defendants appealed.

The assignments of error present no question requiring extended mention. The proof of service of the summons was sufficient, and it was not an abuse of discretion to permit an amendment to the complaint.

Defendants entered into possession of the premises under a written lease, for a term of years, for the purpose of—as contemplated and understood by the parties thereto—conducting a house of ill fame therein, and continued in possession and in that occupation to the commencement of this proceeding. The contention of defendants is that the lease was void because entered into for an unlawful purpose, and cannot be looked to in determining when the tenancy thereby intended to be created expired; that defendants must be treated, as a matter of law, as tenants from month to month; that, as rent was paid on the tenth of each month, the tenancy could have been brought to an end on that date only; and that no proper notice for that purpose was ever given.

We think this contention unsound. The lease, because for an unlawful purpose, was undoubtedly wholly void, but we are aware of no rule or principle of law which would create a tenancy from month to month or at will under such circumstances. The occupancy of defendants was for an unlawful purpose, whether they held under the written lease, or were tenants from month to month. In either case they cannot found a right in law to continue in its violation. They could not be compelled to pay rent. Ernst v. Crosby, 140 N. Y. 364, 35 N. E. 603. Nor, a fortiori, can they insist upon remaining in the premises for the unlawful purpose. It is wholly unlike a case where a lease is void because of the incapacity of the parties to contract, or by reason of the statute of frauds, for there the tenant, by entering into the possession of the property and paying rent, would, by implication of law, become a tenant from month to month or at will; but no such implication of law can arise in a case of this kind, where the subject-matter and purpose of the lease was illegal and a positive violation of law.

The trial court properly held that plaintiff was entitled to the possession of the premises, and the judgment appealed from is affirmed.

Order affirmed.