(55 Misc. Rep. 261)

LANTRY, Fire Com'r, v. HOFFMAN et al.

(Supreme Court, Appellate Term. June 27, 1907.)

1. HEALTH—FIRE REGULATIONS—STATUTES—CONSTRUCTION.

A system of perforated pipes in a building, connected with valves outside the building for the use of firemen, constitute a "means of preventing and extinguishing fires," within the provisions of Greater New York Charter, Laws 1897, p. 263, c. 378, § 762, providing that the owners of manufactories, office buildings, etc., shall provide such fire hose, fire extinguishers, and other means of preventing and extinguishing fires as the fire commissioners may direct.

2. EVIDENCE—JUDICIAL NOTICE.

The court will take judicial notice of the purpose of installing perforated pipes in cellars and subcellars and having them connected with valves on the outside of the building.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 4.]

3. MUNICIPAL CORPORATIONS—POLICE POWER—CONCURRENT EXERCISE OF POWER BY DIFFERENT MUNICIPAL DEPARTMENTS.

The fact that Building Code, § 152, provides for installing perforated pipes in buildings of a certain character, and confers certain powers upon the building department in reference to them, is not inconsistent with the exercise of jurisdiction over the same subject-matter by the fire commissioners.

4. HEALTH—POWERS OF LANDLORD—RIGHT TO ENTER TO COMPLY WITH MUNICIPAL REGULATIONS.

The owners of a building cannot escape liability for failure to comply with an order of the fire commissioners to install a system of perforated pipes because their tenant was in possession of the premises at the time the order was made and by the terms of the lease he was required to comply with all laws, orders, and regulations of the state and municipal authorities, since they as landlords had the right to enter upon the premises to comply with an order of the fire commissioner.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Francis J. Lantry, fire commissioner of the city of New York, against Samuel V. Hoffman and others, as trustees of the estate of Eugene A. Hoffman, deceased. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Paul R. Towne, for appellants.
William B. Ellison, for respondent.

SEABURY, J. This action was commenced by the plaintiff, as fire commissioner of the city of New York, pursuant to the provisions of section 731 of the Greater New York Charter (Laws 1897, p. 255, c. 378), to recover, under the provisions of section 773 of the said charter from the defendants a fine or penalty, in the sum of $50, for an alleged violation of section 762 of the said charter. Section 762 of the charter provides as follows:

"The owners and proprietors of all manufactories, hotels, tenement houses, apartment houses, office buildings, boarding and lodging houses, warehouses, stores and offices, theaters and music halls, and the authorities or persons having charge of all hospitals and asylums, and of the public schools and

other public buildings, churches and other places where large numbers of persons are congregated for purposes of worship, instruction or amusement, shall provide such means of communicating alarms of fire, accident or danger, to the police and fire departments, respectively, as the fire commissioner or public board may direct, and shall also provide such fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors and other means of preventing and· extinguishing fires as said fire commissioners may direct."

Section 773 of the charter provides as follows:

"Any person, persons, or corporation, for the violation of, or noncompliance with, any of the several provisions of the several sections of this title, when the penalty is not therein specially provided, shall severally forfeit and pay a fine or penalty in the sum of $50 for each and every offense. * * * "

The defendants are trustees of the estate of Eugene A. Hoffman, deceased, and as such trustees are the owners of the premises No. 50 Warren street, borough of Manhattan, city of New York. On May 16, 1906, the fire commissioner of the city of New York, pursuant to section 762 of the charter, issued, and on the day following caused to be served upon the defendants, an order requiring these defendants to install or cause to be installed in the said premises No. 50 Warren street the following fire appliances within 60 days after the service of the said order upon them:

"* * * Lines of 1½-inch perforated pipes, placed on and along the ceiling line of cellar and subcellar, and extending the full depth of the building, to be connected with two way three-inch Siamese connection with clapper valve placed on outside of building and located above .the curb level in a position accessible, for the use of the fire department. In lieu of such perforated pipes, automatic sprinklers may be put in."

The testimony adduced on the trial showed that the defendants did not, within the time prescribed, comply with the above order as to the store cellar, but complied with the provisions of the order merely as to the subcellar. A lease was offered in evidence, wherein the defendants leased the premises No. 50 Warren street to the J. Newton Van Ness Company for a term commencing May 1, 1906, and ending May 1, 1909. Under the terms of the lease the tenant covenants, during the term demised, "to comply promptly with and execute all laws, orders and regulations of the state and municipal authorities." While the justice in the court below, before whom this action was tried, excluded evidence offered to show the purpose and use in cellars and subcellars of perforated pipes and the reason for requiring them to be connected with valves to be placed on the outside of the building, yet we think the court may well take judicial notice of the purpose to be served by the installation of these pipes and of having them connected in the manner indicated. In the judgment of the fire commissioner of the city of New York compliance with the terms of the order issued was necessary for the protection, not only of the life and property of the occupants of the premises of No. 50 Warren street, but also for the protection of the general public. It can readily be seen that, if the perforated pipes were installed in the manner required by the order of the fire commissioner, in the event of a fire upon the premises greater facility would be accorded the firemen in distributing water upon the premises.

The appellants, upon this appeal, challenge the power or authority

of the fire commissioner of the city of New York to issue the order that was made, and assert that, if the commissioner did have general authority to issue an order of this character, the action instituted against them to recover a fine or penalty for violating the terms of the order should have been dismissed, because the owners were not in possession of the premises in question. The only authority which the respondent claims sanctioned the issuing of the order in question is that conferred by section 762 of the Greater New York Charter quoted above. The appellants contend that, as this section does not specifically authorize the fire commissioner to order the installation of the perforated pipes, the respondent was without authority to issue the order. Bearing in mind the purpose of the pipes and the manner in which they are required to be connected with valves outside of the building, it is clear that, if they cannot be said to be included within the words "fire extinguishers," they certainly constitute a "means of preventing and extinguishing fires," and as such were evidently within the contemplation of the Legislature in enacting section 762 of the charter. Nor does it follow that the Legislature did not intend to include them within the meaning of section 762 of the charter, because section 152 of the Building Code, enacted by the board of aldermen of the city of New York, makes provision for installing perforated pipes in buildings of a certain character, and confers certain powers upon the building department of the city of New York in reference to them. The power conferred by the Building Code upon the building department of the city of New York is not inconsistent with the exercise of jurisdiction over the same subject-matter by other municipal authorities.

The defendants cannot avoid liability for the fine or penalty imposed because they were not in possession of the premises at the time the order was made, or because, under the terms of the lease which they made to the J. Newton Van Ness Company, the tenant was required to comply with all laws, orders, and regulations of the state and municipal authorities. Notwithstanding the terms of the lease, the appellants as landlords had the right to enter upon the premises to comply with the order of the fire commissioner of the city of New York. White v. Thurber, 55 Hun, 447, 8 N. Y. Supp. 661; 2 McAdam on Landlord & Tenant, p. 911. And if the tenant was obligated by the lease to comply with this order, and failed to do so, it would, after notice by the landlords, be bound to reimburse them for the expenses incurred. Buhler v. Gibbons (City Ct. Brook.) 3 N. Y. Supp. 815; 2 McAdam on Landlord & Tenant, p. 1243.

The appellants rely upon the case of Department of Health of City of New York v. Wendel, 33 Misc. Rep. 100, 67 N. Y. Supp. 129, affirmed 62 App. Div. 618, 71 N. Y. Supp. 1135; but that case has no application to the question now under consideration. In that case it was held that an owner not in possession of premises could not be held liable because the tenant in possession failed to keep ash and garbage receptacles upon the premises, because, as was well said by Mr. Justice O'Gorman:

"The furnishing of ash and garbage receptacles cannot be regarded as a part of the permanent equipment or construction of the building."

So far as the order in question in this case is concerned, it was a reasonable one and a valid exercise of police power. In the case of Health Department v. Rector of Trinity Church, 145 N. Y. 32, 42, 39 N. E. 833, 836, 45 Am. St. Rep. 579, Judge Peckham said:

"The Legislature, in the exercise of this power, may direct that certain improvements shall be made in existing houses at the owners' expense, so that the health and safety of the occupants, and of the public through them, may be guarded. These exactions must be regarded as legal, so long as they bear equally upon all members of the same class and their cost does not exceed what may be termed one of the conditions upon which individual property is held. It must not be an unreasonable exaction, either with reference to its nature or its cost. Within this reasonable restriction the power of the state may, by police regulations, so direct the use and enjoyment of the property of the citizen that it shall not prove pernicious to his neighbors or to the public generally."

The judgment should be affirmed, with costs. 'All concur.'