(72 Misc. Rep. 349.)

## WALDO, Fire Com'r, v. CHRISTMAN.

### SAME v. WINTER & CO.

(Supreme Court, Appellate Term. June 29, 1911.)

1. MUNICIPAL CORPORATIONS (§ 603*)—POLICE POWER—STATUTES—REPEAL.
   New York City Charter (Laws 1897, c. 378) § 762, requiring owners and proprietors of certain character of establishments to install such fire alarms and apparatus as the fire commissioners and police board may direct, was not repealed by Laws 1901, c. 466, continuing the first-mentioned statute in force until the board of aldermen should, by ordinance, regulate the matters provided for, as Building Code, §§ 102, 109, was not a complete or inconsistent regulation of the matters provided for in said section.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1334; Dec. Dig. § 603.*]

2. CONSTITUTIONAL LAW (§ 63*)—DISTRIBUTION OF EXECUTIVE POWERS—ENCROACHMENT ON LEGISLATURE.
   New York City Charter (Laws 1897. c. 378), § 762, providing that the owners and proprietors of all manufactories, hotels, tenement houses, apartment houses, stores, offices, theaters, and music halls, etc., shall provide such means of communicating alarms of fire, accident, or danger as the fire commissioner or police board may direct, and also provide such extinguishers, etc., as such fire commissioner may direct, is not unconstitutional as an unlawful delegation of the lawmaking power.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 108–114; Dec. Dig. § 63.*]

3. MUNICIPAL CORPORATIONS (§ 626*)—POLICE POWER—STATUTES—CONSTITUTIONALITY.
   That there is a possibility for unjust discrimination under such a statute as New York City Charter (Laws 1897, c. 378), § 762, requiring the proprietors of certain classes of buildings and places to install such fire alarms and extinguishers as the police and fire commissioner should direct, does not render it unconstitutional.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1380; Dec. Dig. § 626.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Proceedings by Rhinelander Waldo, Fire Commissioner of the City of New York, against John Christman, and proceedings by the same plaintiff against Winter & Co. From judgments for the plaintiff, defendants appeal. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John J. O'Connell,. for appellants.

Archibald R. Watson (Herman Steifel and William J. Millard, of counsel), for respondent.

SEABURY, J.  These actions were begun by plaintiff as the fire commissioner of the city of New York, pursuant to the provisions of section 731 of the charter of the city of New York, to recover, under the provisions of section 773 of said charter, of the defendants, respectively, a fine or penalty in the sum of $50 for an alleged violation of section 762 of the said charter, in that the defendants, respectively, failed to comply with an order issued by the said fire commissioner requiring the defendant Christman, as owner of a piano factory located at premises numbered 597, 599, and 601· East 137th street, in the borough of the Bronx, city of New York, and defendant Winter & Co., as owner of a piano factory located at premises numbered 220, 222, 224, and 226 Southern Boulevard, in the borough of the Bronx, city of New York, within 60 days after the service of a copy of the said order upon defendant, to install or cause to be installed in these respective buildings a system of automatic sprinklers, as follows:

"A separate and distinct system of automatic sprinklers, with fusible plugs approved by the fire department, supplied with water from tank located on roof, and not connected in any manner with stand pipes or house service, shall be placed on the ceilings of every floor at such intervals as will protect every square foot of floor space when said sprinklers are in operation.

"Automatic sprinklers shall be placed wherever practicable in all offices, rooms, or other places where deemed necessary.

"Provide proper signs on siamese connections.

"All fittings to be of malleable iron.

"Drawings, showing location, sizes and connections, with duplicate descriptions, must be furnished to the bureau of violations and auxiliary fire appliances for all sprinkler work. These drawings must be to scale, and shall consist of such floor plans and sections as may be necessary to show clearly all such work to be done, and must show all partitions, stairway enclosures and elevator shafts. Prints will be accepted.

"The said sprinkler work shall not be commenced or proceeded with until said drawings and descriptions in detail, shall have been filed and approved by the officer in charge of the bureau. No modification of the approved drawings and descriptions will be permitted unless amended drawings and duplicate descriptions covering the proposed change or changes are filed and approved by the officer in charge of the bureau."

Section 762 of the charter provides:

"* * * The owners and proprietors of all manufactories, hotels, tenement houses, apartment houses, office buildings, boarding and lodging houses, warehouses, stores and offices, theaters and music halls, and the authorities or persons having charge of all hospitals and asylums, and of the public schools and other public buildings, churches and other places where large numbers of persons are congregated for purposes of worship, instruction or amusement, shall provide such means of communicating alarms of fire, accident or danger, to the police and fire departments, respectively, as the fire commissioner or police board may direct, and shall also provide such fire hose, fire extinguishers. buckets, axes, fire hooks, fire doors and other means of preventing and extinguishing fires as said fire commissioner may direct. * * *"

Section 773 of the charter provides:

"Any person, persons, or corporations, for the violation of, or noncompliance with, any of the several provisions of the several sections of this title,

when the penalty is not therein specially provided, shall severally forfeit and pay a fine or penalty in the sum of fifty dollars for each and every offense, or shall forfeit and pay the penalties respectively imposed under any of said sections, and shall also be severally liable for any costs or expenses that may be incurred by any violation of, or noncompliance with, any requirement under said section, and shall also be severally liable for the payment of the further penalty of the sum of fifty dollars for any violation of, or non-compliance with any regulation, order, or special direction issued by said commissioner, or for failure to attend and testify as required by any subpœna issued, as authorized under this chapter. Said commissioner may, in his discretion, pay a portion of a fine, or penalty when collected, not to exceed one half thereof, to any person giving information of any such violation. All suits and proceedings authorized by this title, or to recover any penalty for the violation of or failure to comply with any law or any rule, regulation, order or requirement of, or made pursuant to the provisions of any law, the enforcement of which is charged upon said department or any of the several bureaus thereof, shall be brought by and in the name of the fire commissioner of the city of New York, but no fees or costs shall be demanded of said department in any such suit or proceeding. Any person who shall wilfully violate, or neglect or refuse to comply with any provision or requirement of this title, or any regulation, order or special direction duly made thereunder, shall also be guilty of a misdemeanor."

Upon the trial the facts alleged in the complaint were proved. No question is raised as to the order of the fire commissioner having been made and served or of the failure of the defendants to comply with its terms.

Many of the questions raised by the appellants upon this appeal were considered and decided by this court in the case of Lantry v. Hoffman, 55 Misc. Rep. 261, 105 N. Y. Supp. 353, affirmed 124 App. Div. 937, 109 N. Y. Supp. 1135. We adhere to the views expressed in the opinion in that case, and are of the opinion that the reasoning of that case applies in principle to the case now under consideration. The appellants, however, urge several reasons upon which they claim that these judgments should be reversed, and which they claim were not fully considered in Lantry v. Hoffman, supra.

[1] The appellants contend that at the time the orders of the fire commissioner were served in these cases section 762 of the Greater New York charter, upon which the plaintiff relies, was no longer in effect. It is urged that chapter 466 of the Laws of 1901, amendatory of the Greater New York charter, in effect repealed section 762 of the charter. Subdivision 3 of section 1620 of chapter 466 of the Laws of 1901 provides as follows:

"Sec. 3. The several sections of the said chapter three hundred and seventy-eight of the Laws of eighteen hundred and ninety-seven, the numbers and titles of which are set forth in the second schedule annexed to this act entitled 'Second schedule, sections to remain in force until changed by the board of aldermen,' are and each of them is hereby continued in full force and effect until the board of aldermen as constituted by the foregoing provisions of this act shall pass ordinances regulating the matters provided for in the said several sections mentioned in the second schedule, all of which ordinances the said board of aldermen is hereby expressly empowered to pass. Upon the passing of any such ordinances regulating the matters provided for in any one of the said sections respectively, such section shall cease to have any force or effect, and the same is and shall be repealed."

It is true that section 762 of the charter is included in "the second schedule referred to in subdivision 3 of section 1620 of chapter 466

of the Laws of 1901. From this circumstance the argument is made that the enactment by the local authorities of sections 102 and 109 of the Building Code superseded section 762 of the charter. While a superficial reading of section 1620 makes this contention seem plausible, yet we think that upon a closer examination it becomes evident that the Legislature did not intend that section 762 should be deemed repealed until the local authorities "shall pass ordinances regulating the matters provided for in the said" section, or "until" said sections should be "changed by the board of aldermen." A comparison of sections 102 and 109 of the Building Code with the provisions of section 762 of the charter shows very clearly that these ordinances are not coextensive with the provisions of the charter referred to. Thus the provisions of section 102 of the Building Code relate to fire appliances in buildings of a certain specified height, and are generally much more limited in their scope than are the provisions of section 762 of the charter.

In Lantry v. Hoffman, supra, the fire commissioner ordered the installation of perforated pipes, and the contention was urged that as section 102 of the Building Code makes provision for installing perforated pipes in buildings of a certain character and conferred certain powers in reference to them upon the building department that the fire commissioner had no authority to make any regulation covering that subject. In deciding adversely to the claim of the defendant in that case the court said:

"* * * Nor does it follow that the Legislature did not intend to include them within the meaning of section 762 of the charter, because section 102 of the Building Code, enacted by the board of aldermen of the city of New York, makes a provision for installing perforated pipes in buildings of a certain character and confers certain powers upon the building department of the city of New York in reference to them. The power conferred by the Building Code upon the building department of the city of New York is not inconsistent with the exercise of jurisdiction over the same subject matter by other municipal authorities."

Section 762 of the charter is still in force, and, in so far as it relates to the facts of these cases, has not been superseded by the provisions of the Building Code. The provisions of sections 102 and 109 of the Building Code are not inconsistent with section 762 of the charter. We think that the design of the board of aldermen in enacting these sections was to make certain specific provisions which should supplement the provisions of the charter and not to pass a comprehensive ordinance which should regulate "the matters provided for" in section 762 of the charter, or to "change" the regulations prescribed by the charter provisions. In view of the language employed in section 1620, we think that it is evident that the Legislature did not intend that the section of the charter referred to in the "second schedule" should be repealed until comprehensive ordinances which should substantially provide for the proper regulation of the same subject-matter should be enacted by the local authorities of the city of New York. It is evident from an examination of sections 102 and 109 of the Building Code that they were not intended to be regarded as a substitute for the more comprehensive provisions of section

762 of the charter. Under these circumstances, it is not to be presumed that the Legislature intended that section 762 of the charter should be repealed.

[2] It is further urged by the appellants that the charter provision referred to above is unconstitutional in so far as it is discretionary under its provisions for the fire commissioner to order specific individuals to install facilities for protection against fire, because it is not a general rule applying to all who are similarly situated. We are satisfied that the provision of the charter referred to does not involve any unlawful delegation of the lawmaking power. Its purpose is obviously to authorize the fire commissioner to require the installation of fire preventive equipment where there is a real necessity for its use. The necessity for the use of such equipment depends upon the circumstances of each particular case, and in the first instance it is the duty of the fire commissioner to determine whether or not such a necessity exists. If such a necessity does in fact exist and the order requiring the installation of fire preventive equipment is in any given case a reasonable one, it will be upheld. Lantry v. Hoffman, supra; Fire Department v. Gilmour, 149 N. Y. 453, 44 N. E. 177, 52 Am. St. Rep. 748.

In the case now under consideration, we think that the evidence sufficiently shows the necessity for the installation of such equipment as the fire commissioner directed to be installed, and that, as applied to the buildings in question, the order cannot be held to be unreasonable.

[3] The fact that under a law such as that which we are now considering there is a possibility for unjust discrimination on the part of the municipal authorities does not of itself affect the constitutionality of such a law. Certainly the fact that the fire commissioner has not ordered the installation of such equipment in other buildings does not justify the inference that the failure to so order is the result of improper discrimination. It may well be that in the case where the fire commissioner has not ordered that such equipment should be installed no necessity for making such an order exists. If the fire commissioner is guilty of any unjust discrimination in acting under the provisions of the charter, he may be held accountable for his acts, but, in so far as the orders in question are concerned, it seems to us that their necessity and reasonableness sufficiently appear from the evidence, and that no good reason has been shown why the defendants should not pay the penalties prescribed by law for their failure to obey the lawful orders of the fire commissioner.

Judgments affirmed, with costs. All concur.