WILLIAMSBURGH POWER COMPANY, Appellant, *v.* THOMAS SHOTTEN and GEORGE NOKE, Respondents.

(Supreme Court, Appellate Term, Second Department, December, 1916.)

Lease — covenant to comply with orders of bureau of fire prevention — liability of tenant who fails to comply.

Where the tenant in a factory building in the city of New York over two stories in height and in which more than twenty-five persons are employed above the ground floor covenants to comply with and execute all orders of the bureau of fire prevention, etc., during the term at his own expense, he is liable *pro tanto* so far as an order of the bureau of fire prevention of the fire department of the city directing the installation of a fire alarm system in the building affects his holding, and upon the tenant's failure to comply with said order after a request from the landlord the latter may have the order complied with and recover from the tenant the amount expended therefor.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, third district, rendered June 28, 1916, in favor of defendants, dismissing the complaint on the merits, with fifteen dollars costs and disbursements, after a trial by the court without a jury.

Warren A. Schenck, for appellant.

John J. McGinnis, for respondents.

BENEDICT, J.    This action was to recover $194.57 for "breach of covenant of a lease." The complaint was oral, the answer written. The bill of particulars filed stated that the action was brought to recover a sum equal to one-seventh of the cost of a fire alarm system installed in the plaintiff's building under orders from the bureau of fire prevention of the fire department of the city of New York. Defendant was the tenant occupying the seventh loft of the building in question.

Only a question of law is involved in this appeal, as all the material facts were stipulated in writing, and no oral testimony was offered.

According to the terms of their lease, the defendants agreed *inter alia* " to comply with all the regulations and orders of the Department of Buildings, Health Department, Fire Department and other City authorities exercising similar powers, at their own expense, and with any orders of the Board of Fire Underwriters, or of any insurance company holding a policy on the building or any part of its contents." The lease was dated on December 17, 1910. The building Nos. 482–504 Driggs avenue is a factory building over two stories in height in which more than twenty-five people are employed above the ground floor.

The defendants are and from May 1, 1911, have been in possession of the seventh loft of said premises by virtue of said lease.

On March 5, 1914, the deputy fire commissioner directed the plaintiff to install an interior fire-alarm system with bells or gongs in said building within fifteen days from the service of the order. The

Supreme Court, Appellate Term, December, 1916.   [Vol. 97.

defendants refused, although requested by plaintiff, to install the said fire-alarm system ordered to be installed in the premises of the plaintiff and have refused to pay any part or portion thereof for the reason that the plans and specifications of the work as approved do not provide exclusively for defendants' premises but provide for construction and material for the entire building.

The reasonable value of the entire installation in the whole building is the sum of $1,362, which the plaintiff has paid.

The proportionate share thereof for which the defendants are liable, if their contention is wrong, on account of the reasonable value of the cost of such installation is $194.57 with interest from April 12, 1916. These facts are embodied in the stipulation above referred to.

If the defendants were tenants of the entire building instead of only one loft therein, this controversy would probably not have arisen. The law is well settled that if a tenant covenant in the lease to comply with and execute all orders of the boards of health, fire, buildings, *etc.*, during the term, at his own expense, he assumes the obligation to comply therewith, and on his failure so to comply, after request from the landlord, the landlord may have the order complied with and recover the amount expended therefor from the tenant. *Hull* v. *Burns,* 17 Abb. N. C. 317; *Buhler* v. *Gibbons,* 3 N. Y. Supp. 815; *Seymour* v. *Picus,* 9 Misc. Rep. 48.

The defendants' contention may be summarized by the statement that, because they are not tenants of the entire building, they are not, under the terms of the covenant contained in their lease, liable for any portion of the expense of installing a fire-alarm system in the building of only a portion of which they

are tenants. They contend that, because the rest of the tenants in the building are also affected by the order in question, the entire expense of the installation of the fire-alarm system falls upon the landlord alone, and cannot be apportioned in such a way as to make a tenant of a part of the building responsible to the landlord for his proportionate share of the cost of installation.

Whatever may be the rule applicable where the tenant has not expressly covenanted by his lease to comply with valid orders emanating from the departments of the government of the city of New York, I think it cannot be doubted that a tenant may, by the terms of his lease, take upon himself the obligation to comply with such orders, either in whole or in part. I cannot appreciate the ground upon which the tenant of a part of a building, who has covenanted to comply with such orders, can escape all responsibility by the mere statement that the order also applies to other portions of the building in which he is a tenant. In other words, it seems to me logical that the tenant is liable *pro tanto* under his covenant in so far as the order affects his holding.

In the present case the defendants expressly stipulate that, if they are liable, the amount which the plaintiff has sued for represents their proper share of the entire expense to which the landlord was put by reason of the order of the fire department. If each one of the remaining tenants of the building were to take the same position with regard to this order as do these defendants, it is obvious that the landlord would have to bear himself the entire expense of compliance with the order, even in a case where each one of the tenants had expressly covenanted with him to obey all such orders. In this connection, it should not be overlooked that the work directed to be done was at least as bene-

ficial to the tenants as it was to the landlord, because its purpose was to advise them instantly and automatically of the outbreak of a fire in the building in which they were tenants, and this alarm was designed to operate in the premises demised to these defendants.

In addition to these considerations which, in the absence of a statute, would appear to me to be controlling, there is, I think, plain statutory authority under which the defendants cannot escape liability, although no reference to the statute appears in the case or in the briefs of counsel submitted to us. Chapter 899 of the Laws of 1911, by section 774, directed the fire commissioner of the city to enforce all laws and ordinances in respect of " 3. The installation and maintenance of automatic or other fire-alarm systems and fire-extinguishing equipment."

The act also contained additional and new provisions regarding the orders of the fire commissioner. See section 775, paragraph 3, under which he was empowered to require in writing the installation, as prescribed by any law or ordinance, in any building, structure or inclosure, of automatic or other fire-alarm systems and the maintenance and repair thereof.

By section 776 he is given the power, in case of the refusal or neglect of any person served with an order of the department to comply with any of the requirements thereof, to prohibit and prevent the occupancy or use of such building or premises or public access thereto for any purpose until the order of the department in respect thereto is complied with.

Section 776a, added by the chapter referred to, is in the language following: " The expenses attending the execution of any and all orders duly made by the department shall respectively be a several and joint personal charge against each of the owners or part

owners, and each of the lessees and occupants of the building, structure, vessel, enclosure, place or premises to which said order relates, and in respect of which said expenses were incurred; and also against every person or body who was by law or contract bound to do that in regard to such building, structure, vessel, enclosure, place or premises which said order requires, and said expenses shall also be a lien on all rent and compensation due, or to grow due, for the use of any building, structure, vessel, enclosure, place or premises, or any part thereof, to which said order relates, and in respect of which said expenses were incurred.''

By chapter 695, Laws of 1913, section 2, subdivision 3, the fire commissioner was given power to require in writing the installation, as prescribed by any law or ordinance or by the rules and regulations of the industrial board of the department of labor, in any building, structure or inclosure of automatic or other fire-alarm system or fire-extinguishing equipment and the maintenance or repair thereof.

The above section (776a) does not appear to have been repealed or impaired by subsequent legislation. Under it there seems to be no doubt that the defendants are rendered liable for their proportionate share of the stipulated expense of compliance with the order of the fire department.

Judgment reversed, with thirty dollars costs, and judgment directed in the court below for the amount stipulated to be due, with interest in the event that the defendants were liable.

JAYCOX and CLARK, JJ., concur.

Judgment reversed, with costs.