## LANTRY v. MEDE.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. STATUTES—CONSTRUCTION—MEANING OF LANGUAGE—ASSOCIATED WORDS.

    Where general words in a statute follow specific words, designating special things, the general words are, as a rule, limited to cases of the same general nature as those which are specified.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 272.]

2. MUNICIPAL CORPORATIONS—PROTECTION AGAINST FIRE—UNSAFE BUILDINGS —"THINGS."

    Greater New York Charter, Laws 1901, p. 323, c. 466, § 780, authorizing the marshal to enter any building to examine "the stoves and pipes thereto, ranges, furnaces, and heating apparatus of every kind whatsoever, including the chimneys, flues, and pipes with which the same may be connected, engine rooms, boilers, ovens, kettles, and also all chemical apparatus or other things which in his opinion may be dangerous in causing or promoting fires," and empowering the fire commissioner to require the owner to "alter, remove, or remedy the same," does not authorize the commissioner to require an owner to make changes in a dumb waiter shaft extended from the basement to the roof, but without connection with the outer air at the roof, though the same will communicate a fire once started in one part of the building to the rest of the building, since the same cannot be designated "things" within the statute.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 6957.]

McLaughlin and Houghton, JJ., dissenting.

Appeal from Municipal Court of New York.

Action by Francis J. Lantry, fire commissioner of the city of New York, against Albert Mede. From a determination of the Appellate Term (58 Misc. Rep. 221, 108 N. Y. Supp. 1099), reversing a judgment for defendant and ordering a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Ira J. Ettinger, for appellant.

Theodore Connoly, for respondent.

INGRAHAM, J. The question in this case was submitted to the Municipal Court upon an agreed statement of facts upon which a judgment was directed for the defendant, which has been reversed by the Appellate Term. Section 780 of the charter (chapter 466, p. 323, Laws 1901) provides:

"It shall be the duty of a marshal or his officers and agents, when authorized by him in writing so to do, to enter into any building or premises within said city for the purpose of examining or causing to be examined, the stoves and pipes thereto, ranges, furnaces and heating apparatus of every kind whatsoever, including the chimneys, flues and pipes with which the same may be connected, engine rooms, boilers, ovens, kettles and also all chemical apparatus or other things which in his opinion may be dangerous in causing or promoting fires, or dangerous to the firemen or occupants in case of fire, and upon finding any of them defective or dangerous, or in any manner exposed or liable to fire from any cause, he shall report the same to the commissioner, who may thereupon issue orders or special directions."

111 N.Y.S.—53

Acting under this authority, the fire marshal inspected the premises of the defendant, which was a four-story tenement house constructed of brick and stone, each story containing two apartments divided by a hallway running from the front to the rear of the building, containing a dumb waiter shaft and a dumb waiter therein, used for the purpose of passing from one story of the house to any other story any article or articles that might be placed upon the same, constructed entirely of wood with wooden doors opening to the various floors and extending from the cellar of the building to the roof, having no connection, however, with the open air above the roof. Subsequently and on February 21, 1907, the plaintiff as fire commissioner served upon the defendant an order directing the defendant to make certain repairs and alterations in and about the said dumb waiter shaft, which, among other things, required the defendant to cover the woodwork on the inside of the dumb waiter shaft with asbestos one-eighth of an inch thick and then cover the same with metal. The order the defendant failed to comply with, and therefore this action was brought to recover a penalty of $50 imposed for a violation of this section of the charter.

It is not contended that this dumb waiter shaft was connected with any range, furnace, or heating apparatus of any kind; that it was a chimney, flue, or pipe with which such heating apparatus was connected; that it was an engine room, boiler, oven, kettle, or chemical apparatus, or had any connection with or relation to any of these "appliances" or "things." Plaintiff seeks to bring this case within section 780 of the charter on the ground that it comes within the provision: "Or other things which in his opinion may be dangerous in causing or promoting fires." The officer who was authorized to perform this duty is the fire marshal, the head of a bureau of the fire department. He is given by the state no jurisdiction over the structural part of the building, however improperly constructed, but is authorized to examine the apparatus used for heating, which is to include chimneys, flues, and pipes with which the same may be connected, and also the engine rooms, boilers, ovens, kettles, and also all chemical apparatus. All these, however, relate to heating appliances or appliances to which heat are applied as distinct from the structural part of the building, and the chimneys, flues, and pipes which may be connected with the heating apparatus. He is also given jurisdiction over chemical apparatus, which I suppose means all machinery or apparatus used for the manufacture, or which has to do with the preparation of chemical substances. But it seems to me that stairways, elevator shafts, dumb waiter shafts, and such other parts of the building proper having no relation to apparatus or which are not in themselves "things," but rather a part of the building, are not included within this section. There can be no doubt but that a dumb waiter shaft of this kind, constructed solely of wood, would tend to communicate a fire once started in one part of a building to the rest of the building; but the same may be said of all elevator shafts, wooden stairways, or other openings through the building. Neither of these appliances could be properly denominated "things" introduced

into the building, and which can be remedied without interfering with the structural part of the building itself. If it was intended to give the fire marshal or the fire commissioner jurisdiction over the structural part of the building as well as its contents, the enumeration of these appliances or apparatus would be quite unnecessary. The orders or special directions that the commissioner is justified in issuing directing the owner or occupant to "alter, remove, or remedy the same" tend to confirm the construction that the section was intended to apply to apparatus or other mechanical means which had relation to the maintenance of fire in the building, and not to the structural part of the building, which has no connection with fire or heating apparatus. In People v. Richards, 108 N. Y. 137, 15 N. E. 371, 2 Am. St. Rep. 373, which involved the construction of the meaning of the words "or other erection or inclosure" in relation to a statute describing the crime of burglary in the third degree, the court said:

"The rule which usually obtains in cases of this kind is that, where general words follow specific words designating certain special things, the general words are to be limited to cases of the same general nature as those which are specified."

And, after citing with approval the case of Thomas, etc., Ins. Co. v. Hamilton et al., 12 App. Cases, 484, in which the Lord Chancellor said:

"Two rules of construction now fairly established as a part of our law may be considered as limiting those words. One is that words, however general, may be limited with respect to the subject-matter in relation to which they are used. The other is that general words may be restricted to the same genus as the specific words that precede them."

—held that, applying this rule, the phrase "other erection or inclosure" is to be interpreted as including things of a similar nature to those already described by the specific words found in the statute. This rule was applied in United States v. Irwin, 5 McLean (U. S.) 178, Fed. Cas. No. 15,445, and it seems to me it is also clearly applicable in the present case. However desirable it is that the fire marshal should have control over dumb waiter shafts and similar portions of a building, it is for the Legislature to give such jurisdiction, and not for the courts by construing a statute in violation of settled legal principles. The case of Lantry, Fire Commissioner, v. Hoffman (affirmed in this court in March, 1908) 109 N. Y. Supp. 1134, has no application, for there the appliances which the fire commissioner ordered to be installed were directly included within the words "fire extinguishers," as used in section 762 of the charter. If there was anything in this statute to justify an inference that it was the intention of the Legislature to place within the jurisdiction of the fire commissioner the structural part of a building as distinct from appliances used for heating or to which the application of fire is essential, then the construction claimed by the plaintiff could be sustained; but, as I read this provision, there is nothing to indicate such an intention, and, applying the familiar rule to which attention has been called, it seems to me that the commissioner had no power to make the order in question.

It follows, therefore, that the determination appealed from must be reversed, with costs, and the complaint dismissed, with costs.

CLARKE and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). The purpose of the statute in question is obvious, and for that reason the commissioner is given discretionary power in the matter of proceeding upon the marshal's report. This discretion is not limited to the identical thing specified. The words "or other things," which in his opinion may be dangerous in causing or promoting fires, or dangerous to the firemen or occupants in case of fire, indicate a legislative intent to the contrary. It is this intent which should govern in the construction. "A strict and literal interpretation is not always to be adhered to, and, where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter." Spencer v. Myers, 150 N. Y. 269, 44 N. E. 942, 34 L. R. A. 175, 55 Am. St. Rep. 675. Where a statute is made for the public good, it should receive a liberal construction, to the end that the purpose sought to be accomplished shall not fail, and this even though it be penal in nature, because public interest, and especially public safety, is superior to private rights. People v. Rontey, 51 Hun, 640, 4 N. Y. Supp. 235; People v. Abraham, 16 App. Div. 58, 44 N. Y. Supp. 1077. The obvious purpose of this statute is to protect the public against fires, by clothing the commissioner with power to compel the owner or occupant of a building to alter, remove, or remedy not only the specific things named, but "any other things" which in his opinion may be dangerous in causing or promoting fires or dangerous to the firemen or occupants in case of fire. It is not difficult to see that a dumb waiter shaft, constructed as this one is, entirely of wood, would be very dangerous in promoting a fire, and would be most efficient in carrying it to the different parts of the building, and for that reason would be dangerous to the firemen or occupants of the building in case of a fire therein. The construction adopted in the prevailing opinion is too technical. It destroys in a large measure the purpose which the statute was designed to accomplish. The rule referred to—noscitur a sociis—does not apply. For these reasons, as well as those stated in the opinion of Mr. Justice Bischoff, I am able to concur with the majority of the court.

I think the determination of the Appellate Term should be affirmed, and judgment absolute directed against the defendant on the stipulation.

HOUGHTON, J., concurs.