In the Matter of the Application of WILLIAM H. BROWNING,. Respondent, for a Peremptory Writ of Mandamus against ROBERT ADAMSON, as Fire Commissioner of the City of New York, Appellant.

First Department, December 15, 1916.

Municipal corporations — city of New York — power of fire commissioner under city ordinances to compel structural changes in factory building.

The fire commissioner of the city of New York has no authority under section 20 of article 2 of chapter 12 of the Code of Ordinances of said city providing for fire alarm and fire extinguishing appliances, to order any structural changes in a factory building, and, hence, may not require an owner of a building occupied as a factory to provide an inclosure of fire-retarding material around a light-shaft.

APPEAL by Robert Adamson, as fire commissioner, from an order of the Superme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of August, 1916, directing the issuance of a peremptory writ of mandamus requiring him to rescind and to cancel a certain order.

*E. Crosby Kindleberger* of counsel [*Terence Farley, William J. Millard* and *Martin H. Murphy* with him on the brief], for the appellant.

*Alexander C. MacNulty*, for the respondent.

DOWLING, J.:

The relator is one of the owners of the premises known as No. 16 West Fifty-seventh street, in the borough of Manhattan, city of New York, occupied as a factory. On February 16, 1916, the deputy fire commissioner of the city of New York (duly authorized to make such orders by the fire commissioner) issued an order requiring the owners of said premises, within thirty days, among other things, to "provide an enclosure of approved fire retarding material around the light shaft at west side of building leading from 2nd story to roof. Plans and specifications in duplicate showing all proposed alterations

must be filed with and approved by this Department before the above work may be commenced. All structural changes must be approved by the Board of Building." The relator refused to comply with this order, denying the right or power of the commissioner to make the same, and applied for a writ of mandamus to require the commissioner to rescind and cancel the order, which writ has been directed to issue accordingly.

The commissioner claimed the power to make the order in question under the provisions of the Code of Ordinances of the city of New York, chapter 12, article 2, section 20, reading as follows:

"§ 20. Fire-alarm and fire-extinguishing appliances.—

"The owners and proprietors of all manufactories, hotels, tenement-houses, apartment houses, office buildings, boarding and lodging-houses, warehouses, stores and offices, theatres and music halls, and the authorities or persons having charge of all hospitals and asylums, and of the public schools and other public buildings, churches and other places where large numbers of persons are congregated for purposes of worship, instruction or amusement, shall provide such means of communicating alarms of fire, accident or danger to the police and fire departments, respectively, as the fire commissioner or the police commissioner may prescribe, and shall also provide such fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors and other means of preventing and extinguishing fires as the fire commissioner may direct." (Cosby's Code Ord. [Anno. 1915], p. 222, § 20.)

It is not necessary to review the history of sections 774 and 775 of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1911, chap. 899, as amd. by Laws of 1913, chap. 695, and Laws of 1914, chap. 459),* for, in our opinion, the fire commissioner's powers thereunder originally were limited to the enforcement of the laws and city ordinances, and the provision quoted is the only one relevant to the question at issue. When by further amendment he was given the power to enforce the regulations "of the industrial board of the

_____

* Since amd. by Laws of 1916, chap. 503.— [REP.

department of labor in respect to fires or to the prevention of fires" (Laws of 1914, chap. 459, amdg. Greater N. Y. Charter, § 775), he did not receive the power to make the order in question, for section 79a of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], as added by Laws of 1913, chap. 461) as then existing provided for the inclosure in fireproof material of light and other shafts in factory buildings thereafter erected, and the building in question is not in that category. Therefore, if the commissioner properly made the order now under consideration, it must be because of the power given him by the ordinance above set forth. Realizing the importance of upholding the jurisdiction of the fire commissioner whenever possible, and the propriety of respecting his discretion when exercised in a matter so vitally affecting life and property as fire prevention, I am unable to find in the ordinance any power conferred upon him to order any structural changes in a factory building. It will be noted that the fire commissioner is given power to direct the installation of specific articles enumerated in the section, which are in the nature of implements or physical aids to the extinguishment of fire, or the prevention of its spread, viz., "fire hose, fire extinguishers, buckets, axes, fire hooks;" the only other articles mentioned are "fire doors," which can be easily hung on existing walls or surfaces, adjusted to present conditions, and involve no structural changes in the building. Then follow the general words, "and other means of preventing and extinguishing fires." Applying the rule of *ejusdem generis*, this provision did not extend the power of the commissioner beyond directing the furnishing of implements and articles analogous to those enumerated. The general language used did not extend the class or nature of the articles enumerated by the special language. (*Matter of Aylesworth* v. *Phœnix Cheese Co.*, 170 App. Div. 34; *Daly* v. *Haight*, Id. 469.)

In *Lantry* v. *Hoffman* (55 Misc. Rep. 261; affd. on opinion below, 124 App. Div. 937) the court, construing section 762 of the Greater New York charter (Laws of 1897, chap. 378), giving the fire commissioner power to direct the installation of "fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors and other means of preventing and extinguishing fires" (language identical with that of the present ordinance), held that the com-

missioner had power to direct the installation of lines of perforated pipes on the ceiling line of the cellar and sub-cellar, connected with valves outside the building, for the use of the fire department, or in lieu thereof to install automatic sprinklers. This was based upon the ground that if the perforated pipes were installed greater facilities would be afforded firemen in distributing water upon the premises, and that in view of the purpose of the pipes and the manner in which they were to be connected with outside valves, they were, if not fire extinguishers, certainly a means of preventing and extinguishing fires and, therefore, within the legislative contemplation in enacting the section in question. The installation of the pipes does not appear to have involved any structural change in the building. But in *Lantry* v. *Mede* (127 App. Div. 557) this court, construing section 780 of the Greater New York charter (Laws of 1901, chap. 466), refused to uphold the power of the fire commissioner to order the fireproofing of the dumb-waiter shaft in defendant's tenement house by covering the wood work with asbestos and metal. Under that section, the fire marshal was required to examine certain specified things in buildings, including "stoves and pipes thereto, ranges, furnaces and heating apparatus of every kind whatsoever, including the chimneys, flues, and pipes with which the same may be connected, engine-rooms, boilers, ovens, kettles, and also all chemical apparatus or other things which in his opinion may be dangerous in causing or promoting fires." Upon his report, the fire commissioner was given power to issue orders or special directions. Mr. Justice INGRAHAM in his opinion held that the language quoted gave the commissioner no jurisdiction over the structural part of the building, as distinct from appliances used for heating therein, and (citing *People* v. *Richards*, 108 N. Y. 137; *Thames & Mersey Marine Ins. Co.* v. *Hamilton, Fraser & Co.*, L. R. 12 App. Cas. 484, and *United States* v. *Irwin*, 5 McLean, 178) applied the rule *ejusdem generis*, holding that general words must be restricted to the same genus as the specific words that precede them. He called attention to the decision in *Lantry* v. *Hoffman* (*supra*), and held that it had no application, as in the latter case the appliances directed to be installed were directly within the words "fire extinguishers"

used in the statute. The case was affirmed in the Court of Appeals upon his opinion (194 N. Y. 544). In *People* v. *Kaye* (212 N. Y. 407) the Court of Appeals, by a vote of four to three, upheld an order of the fire commissioner for the installation of a system of automatic sprinklers in defendant's building. In construing section 762 of the Greater New York charter (*supra*) the court said that "automatic sprinklers, though they may cost a little more than the articles specifically mentioned in the section, are of the same general character, and are intended for the same purpose as those articles." This reasoning does not apply to the present case, for the fireproofing of the light shaft is not of the same general character as the furnishing of the implements enumerated in the section.

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements, upon the ground that the fire commissioner had no power, under the law, to make the order in question.

CLARKE, P. J., LAUGHLIN, PAGE and DAVIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.