THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT ADAMSON, Fire Commissioner of the City of New York, Relator, *v.* RUDOLPH P. MILLER, HOWARD C. BAIRD, WILLIAM CRAWFORD, ALFRED R. KIRKUS, ALFRED J. BOULTON, LANSING C. HOLDEN and JOHN KENLON, Constituting the Board of Appeals of the City of New York, et al., Defendants.

(Supreme Court, New York Special Term, June, 1917.)

City of New York — Code of Ordinances — authority of fire commissioner — certiorari.

The fire commissioner of the city of New York, under section 20 of article 2 of chapter 12 of the Code of Ordinances, is authorized to make an order requiring the owner of a building used for manufacturing purposes to install an automatic sprinkler system to extinguish fires.

Upon the return of a writ of certiorari asking for the reversal of an order of the board of standards and appeals which reversed an order of the fire commissioner requiring the installation of an automatic sprinkler system in a certain building, as authorized by the Code of Ordinances, on the ground that on the date of said order no rules or regulations governing the installation of automatic sprinklers had been made either by the fire commissioner or the board of standards and appeals, *held,* that the order of reversal should be reversed and a motion to dismiss the writ denied.

CERTIORARI proceedings.

Lamar Hardy, corporation counsel (William J. Millard, William T. Kennedy, and F. E. V. Dunn, of counsel), for petitioner.

Jerome, Rand & Kresel (William Rand, Jr., and Harland B. Tibbetts, of counsel), for defendants.

Alexander C. MacNulty (Kantrowitz & Esberg, of counsel), for intervenors.

NEWBURGER, J.   The relator, as fire commissioner, by a writ of certiorari, asks that the order heretofore made by the board of standards and appeals be reversed.   On the 2d day of October, 1916, the acting fire commissioner made an order requiring the installation of an automatic sprinkler system in the premises Nos. 82–86 Rutgers slip, in the borough of Manhattan. The owners of the building appealed to the board of appeals, which sustained the appeal and reversed the order on the ground that the Code of Ordinances under which the order had been made did not, on October 2, 1916, empower the fire commissioner to order the installation of automatic fire sprinklers in the building in question, inasmuch as no rules or regulations had then been adopted either by the fire commissioner or by the board of standards and appeals governing the installation of automatic sprinklers.   The only issues raised are questions of law; all the facts alleged in the petition are admitted by the return.   By chapter 503 of the Laws of 1916 the Greater New York Charter was amended providing for the creation of a board of standards and appeals, and among other powers given to said board was to hear and decide appeals from and review any order of the fire commissioner having reference to any rule or order relating to any change in any building.   It is conceded that the order complained of was made under section 20 of article 2 of chapter 12 of the Code of Ordinances, which provides that owners of manufactories or other buildings shall provide such fire extinguishers, etc., as the fire

## 304 PEOPLE EX REL. ADAMSON *v.* MILLER

commissioner may direct. It has been repeatedly held that the fire commissioner has authority under the ordinances to make an order requiring the owner of a building used for manufacturing purposes to install an automatic sprinkler system to extinguish fires. See *People* v. *Kaye,* 160 App. Div. 644; affd., 212 N. Y. 407; *Lantry* v. *Hoffman,* 55 Misc. Rep. 261; affd., 124 App. Div. 937. But it is contended that section 580, article 28, of chapter 5 of the Code of Ordinances, known as the Building Code, adopted December 7, 1915, which provides that '' all buildings now existing or hereafter erected shall be provided with such tanks, standpipes, automatic sprinklers, etc., as may be required by and conforming to the rules of the fire commissioner, adopted or amended in the manner prescribed by this chapter for the rules of the superintendent of buildings,'' prevented the fire commissioner from issuing the order complained of by reason of a failure on the part of the commissioner to make and publish rules governing sprinkler installations before October 1, 1916, on which day the board of standards and appeals was authorized to make and publish such rules. I cannot agree with this contention. Section 580 of chapter 5 of the Code of Ordinances is not inconsistent with section 20 of article 2 of chapter 12. The provision for the promulgation of rules did not limit or increase the power of the fire commissioner; at most it was a mere detail to carry out the power vested in him. The necessity for the installation of the sprinklers was the question to be determined by the commissioner, and as was said in *Waldo* v. *Christman,* 72 Misc. Rep. 355: '' We are satisfied that the provision of the charter referred to does not involve any unlawful delegation of the law-making power. Its purpose is obviously to authorize the fire commissioner to require the installation of fire prevention equipment where there is a real

necessity for its use. The necessity for the use of such equipment depends upon the circumstances of each particular case, and in the first instance it is the duty of the fire commissioner to determine whether or not such a necessity exists. If such a necessity does in fact exist and the order requiring the installation of fire preventive equipment is in any given case a reasonable one, it will be upheld. *Lantry* v. *Hoffman, supra; Fire Department* v. *Gilmour,* 149 N. Y. 453.'' It being conceded that the board of standards and appeals declared the order of the fire commissioner as invalid for the reason of a failure to make and publish rules on the part of the fire commissioner, the motion to dismiss the writ must be denied and the decision and determination of the respondent is reversed and annulled.

Ordered accordingly.