THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BROADWAY AND GROVE STREET HOLDING CORPORATION, Relator, *v.* JOHN J. T. WALDRON and Others, as Surveyors, etc., and ROBERT ADAMSON, as Fire Commissioner, etc., of the City of New York, Respondents.

Second Department, May 24, 1918.

Municipal corporations — safeguards against fire in city of New York — power of fire commissioner to compel installation of sprinkler system — evidence — judicial notice of municipal ordinance.

Although no rules governing sprinkler installations as a safeguard against fires were made and published pursuant to section 580 of article 28 of chapter 5 of the Code of Ordinances of the city of New York, the fire commissioner under his general power has authority to require the installation of such

sprinkler system, for the section aforesaid is not inconsistent with section 20 of article 2 of chapter 12.

The power to require the installation of such sprinkler system rests in the discretion and judgment of the fire commissioner after having an investigation made and the fact determined whether, in view of the particular hazard of the location and the risk of the persons there exposed, further fire protection is needed.

Return to writ of certiorari examined, and *held*, to confirm the commissioner's judgment in directing the relator to install an automatic system in its department store.

Since section 1556 of the charter of the city of New York was amended by chapter 382 of the Laws of 1917, all courts in said city shall take judicial notice of city ordinances.

CERTIORARI issued out of the Supreme Court and attested, directed to John J. T. Waldron and others, as surveyors, and to Robert Adamson, as fire commissioner, commanding them to certify and return to the office of the clerk of the county of Kings all and singular the proceedings had by the respondent surveyors in making a determination and report confirming an order of the acting fire commissioner, dated on the 15th day of August, 1916, requiring the installation of a separate and distinct system of automatic sprinklers for the purpose of fire protection in relator's premises, 1295–1307 Broadway, borough of Brooklyn.

The proceeding was brought pursuant to the provisions of section 777a of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1911, chap. 899), as amended by chapter 458 of the Laws of 1912.

The Greater New York charter (§ 775, subd. 3, added by Laws of 1911, chap. 899, as amd. by Laws of 1914, chap. 459) empowers the fire commissioner to order the "installation, as prescribed by any law or ordinance or by the rules and regulations of the Industrial Board of the Department of Labor, in any building, structure, enclosure, vessel, place or premises, of automatic or other fire alarm system or fire extinguishing equipment and the maintenance and repair thereof." Relator's building affected by such order is at the corner of Broadway and Grove street in the borough of Brooklyn. It is occupied as a retail department dry goods store. In the basement and on the first, second and third floors are exposed for sale dry goods of many varieties, most

of which are inflammable. Besides the 130 employees this store has a steady concourse of entering and departing persons, so that the average number of persons in said store at any one time varies from 200 to 1,200 persons.

The building is described as of a quick burning type. It has open wood stairways and elevator shaft, which are not near to the street exits.

The board of standards on December 9, 1915, passed and adopted a resolution approved by the fire commissioner on December 15, 1915, to the effect that establishments commonly known as department stores should be equipped for better preservation from fire hazards, with a sprinkler equipment. An order was made by the acting fire commissioner on August 15, 1916, requiring the relator to install in its said building a separate system of automatic sprinklers to extinguish fires, which order on the same day was served upon the relator. The relator thereupon, under section 777 of the charter (added by Laws of 1911, chap. 899, as amd. by Laws of 1913, chap. 695) and section 777a of the charter (as amd. *supra*), which had not then been repealed,* demanded a survey of its building to determine whether or not such order requiring automatic sprinklers is valid and reasonable, and nominated Joseph L. Burke to be one of the three surveyors. The commissioner designated the respondent Waldron, acting deputy chief of the bureau of fire prevention, Joseph L. Burke, a qualified builder named by the relator, and Frank L. Helmle, chosen from a list furnished by the Brooklyn chapter of the American Institute of Architects, who were directed to survey said building on August 21, 1916, and to report whether or not the order directing automatic sprinklers was valid and reasonable. Such survey was then held, the surveyors hearing counsel for the relator, and one Peter J. McKeon, who presented several technical methods of limiting the fire hazards, which he stated might have been ordered in lieu of the present requirements of the fire department, but no testimony was offered or received upon said survey. Messrs. Waldron and Helmle joined in a written report, wherein they determined that such order was valid and

---

* Repealed by Laws of 1916, chap. 503.— [REP.

reasonable, and confirmed the said order of the fire commissioner. Mr. Burke, whom relator had chosen, however, dissented, and filed a report, in which he recommended that the exits be improved; that in the basement a fireproof partition be built separating the part used by shoppers from the shipping department, and that other places in the building where a fire might start be inclosed in fireproof partitions in the same way. His dissenting report concluded: " All these safeguards are within the power of the Fire Commissioner to require but he has not done so but has issued a sprinkler order which, in my opinion, does not take care of the fire hazards and which is more expensive than the safeguards just mentioned. In view of the facts above set forth, I consider the order for wet automatic sprinklers to be unnecessary, unreasonable and unlawful."

The relator sued out a writ of certiorari to review such order, which motion was granted at Special Term on October 20, 1916. The fire commissioner made his return, and the hearing upon such writ in this court was on June 27, 1917.

*Alexander C. Mac Nulty,* for the relator.

*William J. Millard* [*Lamar Hardy, Corporation Counsel, Terence Farley* and *F. E. V. Dunn* with him on the brief], for the respondents.

PER CURIAM:

The commissioner's powers to order automatic sprinklers are defined in *People* v. *Kaye* (212 N. Y. 407). In that case the order which defendant had violated applied to property used for manufacturing purposes. Section 20 of article 2 of chapter 12 of the Code of Ordinances, which superseded section 762 of the Greater New York charter (Laws of 1897, chap. 378; Laws of 1901, chap. 466, " Section Three "), has a general direction that " the owners and proprietors of all manufactories, hotels, * * * warehouses, stores and offices, theatres and music halls, * * * shall provide such means of communicating alarms of fire, accident or danger to the police and fire departments, respectively, as the fire commissioner or the police commissioner may prescribe, and shall also provide such fire hose, fire extinguishers,

buckets, axes, fire hooks, fire doors and other means of preventing and extinguishing fires as the fire commissioner may direct." (See Cosby's Code Ord. [Anno. 1915] p. 222; Id. [Anno. 1917] p. 335.)

Relator's counsel urges that section 580 of article 28 of chapter 5 of the Code of Ordinances, being the Building Code, adopted December 7, 1915 (which was re-enacted in Code of Ordinances approved June 20, 1916) prevented the fire commissioner from issuing the present order, because of an omission to make and publish rules governing sprinkler installations. (See Cosby's Code Ord. [Anno. 1915] p. 127; Id. [Anno. 1917] p. 153.) But we agree with NEWBURGER, J., that such section is not inconsistent with section 20 of article 2 of chapter 12; that the provision for rules being issued did not add to, or take away from, the general powers of the fire commissioner; but was a mere detail in carrying out such powers. (*People ex rel. Adamson* v. *Miller,* 100 Misc. Rep. 302.)

Such an order depends on the discretion and judgment of the fire commissioner, after having an investigation made and the fact determined whether, in view of the particular hazards of the location and the risks to the persons there exposed, further protection is needed. The matters that accompany the return to this writ, citing from public reports in the Department of Labor, abundantly confirm the commissioner's judgment, in directing such protection by automatic sprinklers. As was said by SEABURY, J.: " The necessity for the use of such equipment depends upon the circumstances of each particular case, and in the first instance it is the duty of the fire commissioner to determine whether or not such a necessity exists. If such a necessity does in fact exist and the order requiring the installation of fire preventive equipment is in any given case a reasonable one, it will be upheld." (*Waldo* v. *Christman,* 72 Misc. Rep. 349, 355.)

After the municipal official, clothed with this authority to protect life and property, has acted, his order cannot be held for naught on the mere suggestion of some so-called expert that by fireproof partitions in certain places, and enlarged exits, the cheaper substitutes thus proposed had rendered the official order for sprinklers unreasonable and invalid.

It was further contended that this court cannot take

judicial notice of city ordinances. But by Laws of 1917, chapter 382, amending the Greater New York charter, section 1556, " All courts in the city shall take judicial notice of city ordinances." This amendment took effect May 5, 1917, and was controlling upon this court upon the hearing upon this writ.

The determination of the respondents Waldron and Helmle, being a majority of the three surveyors called under relator's demand under section 777a of the charter, confirming an order of the fire commissioner dated August 15, 1916, requiring relator to install in its department store a separate and distinct system of automatic sprinklers for the purpose of fire protection, should be confirmed, and the writ of certiorari dismissed, with fifty dollars costs and disbursements.

JENKS, P. J., THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Determination of surveyors confirming fire commissioner's order of August 15, 1916, confirmed, and writ of certiorari dismissed, with fifty dollars costs and disbursements.